UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

KERMIT H. PENLEY                )
                                )
v.                              )     NO. 2:06-CV-58
                                )
STATE OF TENNESSEE;             )
TONY PARKER, Warden[1]          )

**MEMORANDUM OPINION**

I. **Introduction**

In 2002, upon his plea of guilty, Kermit H. Penley was convicted in the Greene County Criminal Court for first-degree murder and sentenced to serve a life term of imprisonment. He now brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement under that judgment of conviction.

There are several motions pending in this case, the first of which is the respondent's motion to dismiss.

II. **Motion to Dismiss**

In his motion [Doc. 8], the respondent argues that the petition is time-barred. The petitioner opposes the motion, claiming that he understood that the Supreme Court's denial of certiorari review of his post-conviction case triggered the one-year statute of limitations for filing his habeas corpus, and that, under this theory, the filing deadline was

---

[1] The Court has added Tony Parker as a respondent because he is the Warden of the state prison where the petitioner is confined and because the proper respondent is the petitioner's custodian. *See* Rule 2(a), Rules Governing Section 2254 Cases.

February 28, 2006, and his petition is timely because he filed his first § 2254 petition in October, 2005 and this one on February 9, 2006. [Doc. 10].

A. *Timeliness*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id*. The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. *Id*.

Here, the first circumstance is the relevant one. The petitioner was convicted on September 6, 2002, and his conviction and judgment became final thirty days later (i.e., October 6, 2002), upon the lapse of the time for seeking an appeal. *See State v. Green*, 106 S.W.3d 646, 650 (2002) (A judgment based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence.).[2] Thus, for purposes of

---

[2] Citing cases, the respondent argues that, because the petitioner was convicted before *Green* was decided, because, at that time, a conviction was considered final on the day of entry and acceptance of the plea, and because *Green* has not been applied retroactively by state courts, the petitioner's conviction became final, for purposes of a § 2244(d) calculation, on September 6, 2002. However, as the respondent notes, a sister court in this district has applied *Green*'s thirty day rule retrospectively to a pre-*Green* conviction, *see Banner v. Carlton*, 2005 WL 1637860 (E.D. Tenn. Jul. 12, 2005), as have some Tennessee courts, *see Adams v. State*, 2003 WL 21221958 (Tenn. Crim. App. May 27, 2003) (applying *Green* to a January 5, 2001 conviction); *State v. Filauro*, 2004 WL

§ 2244(d)(1)(A), *see Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.2000), the time period for filing his § 2254 petition would end one year afterward on October 6, 2003.

As noted, however, the limitations statute is tolled while a properly filed state post-conviction is pending. *See* 28 U.S.C. § 2244(d)(2). The petitioner filed an application for state post-conviction relief in the Greene County Criminal Court on June 24, 2003, (Addendum # 2), after AEDPA's one-year clock had ticked for two hundred and sixty-one days. The post-conviction petition was denied and his state court appellate process ended on February 28, 2005. Ninety days later, on May 29, 2005, the time to carry his appeal to the Supreme Court terminated, and the statute resumed running. It expired one hundred and four days later, on September 12, 2005.[3] The petitioner filed his § 2254 application on February 9, 2006, nearly five months after the lapse of AEDPA's statute of limitations.[4]

The one-year statute of limitations in AEDPA, however, is not jurisdictional and is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). While the petitioner has not asserted a claim for

---

840084 (Tenn. Crim. App. Apr. 16, 2004) (May 10, 2002 conviction).

[3] Actually the 104th day was Saturday, September 10, 2005. Because the Federal Courthouse is closed on Saturday and Sunday, the petitioner had until Monday, September 12, 2005, to file his § 2254 petition. *See* Fed. R. Civ. P. 6(a).

[4] The Court takes judicial notice of the fact that petitioner's mother filed a best-friend § 2254 petition on October 13, 2005 on her son's behalf. The petition was dismissed without prejudice. *Penley v. Mills*, No. 2:05-cv-278 (E.D. Tenn. Jan.3, 2006). The pendency of that petition does not toll AEDPA's clock, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), but even if it did, it would not help the petitioner because the best-friend petition was also filed after the expiration of the statute. Thus, even at that point, there was no time left to toll.

equitable tolling, given the circumstances surrounding the timeliness issue, the Court will discuss *sua sponte* whether this doctrine should apply in this case.

    B. *Equitable Tolling*

Equitable tolling rarely applies, *King v. Bell*, 378 F.3d 550, 553 (6th Cir.2004), typically, "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). In determining whether to equitably toll AEDPA's statute of limitations, the Court employs a five-factor test, which includes: (1) the petitioner's lack of notice of the filing requirement; (2) his lack of constructive knowledge of the filing requirement; (3) his diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 108. This list of factors is not necessarily all-encompassing, and not all factors are relevant in every case. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir.2003). The petitioner bears the burden of showing that he is entitled to equitable tolling, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002), and the decision as to whether to equitably toll the statute is to be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Here, to the extent that the petitioner's assertion (i.e., that he understood that AEDPA's limitations statute started running upon the Supreme Court's refusal to review his state post-conviction case) can be read as implying that he lacked actual knowledge of the statute, the Court must reject such an implication. Even if the petitioner lacked actual

4

knowledge of the relevant provisions of AEDPA, the Sixth Circuit "has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citation and internal quotation marks omitted).

Moreover, it cannot be said that the petitioner lacked constructive knowledge of the filing requirements because the statute states "that the one-year statute of limitations runs from the 'conclusion of direct review' and that the statutory period is tolled during the time when a motion for state postconviction review is pending." *Id.*, at 402 (citing 28 U.S.C. § 2244(d)(1)-(2)). Thus the statute itself, not to mention case law, supplied constructive notice as to how § 2244 would apply to the petitioner's § 2254 application. Therefore, factors one and two have not been shown.

Moreover, equitable tolling generally is not available "where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1991). There is nothing in the record from which to conclude that the petitioner was actively engaged in protecting his rights and he, therefore, has not borne his burden of establishing this factor either.

Neither the state court record nor the petitioner's habeas pleadings indicates that he was ignorant of the legal requirement for filing his claim. Thus, factor five does not apply, and the Court need not determine prejudice to the respondent since this factor only

5

applies where one factor which might justify tolling has already been identified. *Vroman*, 346 F.3d at 605. Accordingly, equitable tolling of the limitations period is not available to the petitioner.

    B. *Conclusion*

This petition is untimely under 28 U.S.C. § 2244(d)(1) and equitable tolling does not save it.

The Court must now decide whether to issue a certificate of appealability (COA). The petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right; he makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural ruling or its assessment of his constitutional claims. *See Slack v. McDaniel,* 529 U.S. 473 (2000). The Court has found that the petition is untimely and that the petitioner does not qualify for equitable tolling under the *Dunlap* factors.

The Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves this otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

III. **Other Motions**

The petitioner has filed a motion for discovery, as well as a renewed motion to appoint counsel. [Docs. 12, 13]. Given the above disposition of this case, those motions will be **DENIED** as **MOOT**. Though the petitioner has not filed an actual *motion* to amend his petition, he has submitted a proposed amendment. However, any amendment to an untimely petition would itself be time-barred.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE